**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRELL W. VEASLEY,<br><br>    Plaintiff,<br><br>v.<br><br>LOANME, INC.,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes DARRELL W. VEASLEY ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of LOANME, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.,* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.,* as well as for Invasion of Privacy ("IOP") and Trespass to Chattels ("TTC") stemming from Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18, residing within the Eastern District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is engaged in the business financial services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the State of California. Defendant's principal place of business located at 1900 S. State College Blvd., Suite 300, Anaheim, California 92806.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Prior to the conduct-giving raise to these claims, Plaintiff obtained a personal loan from Defendant to finance the purchase of personal goods.

10. Due to unforeseeable financial difficulties, Plaintiff fell behind on his scheduled payments to Defendant, thus incurring debt ("subject debt").

11. Around August 2020, Plaintiff began receiving calls to his cellular phones, (214) XXX-2050 and (707) XXX-2632, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phones ending in -2050 and -2632. Plaintiff is and always has been financially responsible for the cellular phones and their services.

13. Defendant has primarily used the phone number (866) 718-4507 when placing calls to Plaintiff's cellular phones, but upon information and belief, Defendant has used other numbers as well.

14. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activities.

15. During answered calls from Defendant, Plaintiff experiences a noticeable pause, lasting a handful of seconds in length, before a live representative begins to speak.

16. Plaintiff, through his contacts with Defendant, was informed that Defendant was attempting to collect upon the subject debt.

17. Upon speaking to Defendant, Plaintiff explained his financial situation and requested that Defendant cease contacting him.

18. Defendant willfully ignored Plaintiff's request and continued placing phone calls to Plaintiff's cellular phones after Plaintiff demanded that the calls cease on multiple occasions from both cellular phones.

19. Furthermore, Defendant communicated to Plaintiff that it would not stop calling him regardless of his demands that it cease calling him.

20. Despite Plaintiff's efforts, Defendant has continued to regularly call his cellular phones up until the filing of this lawsuit, including frequently placing multiple phone calls on the same day to Plaintiff's cellular phones.

21. Plaintiff has received not less than 55 phone calls from Defendant since demanding that it stop contacting him.

22. Frustrated over Defendant's conduct, Plaintiff spoke with his attorney regarding his rights, resulting in exhausting time and resources.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phones, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phones. During answered calls from Defendant, Plaintiff experienced a noticeable pause lasting a handful of seconds in length prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

28. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

29. Defendant violated the TCPA by placing at least 55 phone calls to Plaintiff's cellular phones using an ATDS without his consent.  Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by his demand that it cease contacting him.

30. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

31.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DARRELL W. VEASLEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33.  Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

34. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

35. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a. **Violation of Cal. Civ. Code § 1788.11(d)**

36. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

37. Defendant violated § 1788.11(d) the RFDCPA when it continuously called Plaintiff's cellular telephones after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephones despite his demands was done with the purpose of annoying Plaintiff into paying the subject debt.

38. Moreover, Defendant was told more than once to stop calling Plaintiff's cellular telephones.

39. Defendant disregarded these requests, and continued its calls to Plaintiff, with the goal of annoying Plaintiff into paying the subject debt.

    b. **Violations of RFDCPA § 1788.11(e)**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

41. Defendant violated § 1788.11(e) the RFDCPA when it continuously called Plaintiff's cellular telephones after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephones despite his demands was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's pleas with the intent of harassing him.

42. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff into making payment in violation of the RFDCPA.

43. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular telephones.

44. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

### c. Violations of RFDCPA § 1788.17

45. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

### i. Violations of the FDCPA §1692c and §1692d

46. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

47. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling Plaintiff's phone on a repeated basis in

spite of his demands was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

48. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### ii. Violations of the FDCPA § 1692e

49. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

50. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

51. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him after Plaintiff demanded that Defendant cease contacting him.

### iii. Violations of FDCPA § 1692f

52. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

53. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

54. Defendant willfully and knowingly violated the RFDCPA. Defendant was aware that its phone calls were harassing Plaintiff, but yet continued to bombard Plaintiff with collection calls. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, DARRELL W. VEASLEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Award any other relief as this Honorable Court deems just and proper.

Dated: January 4, 2021               Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com